

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00346-CV

**ROBERT JAMES, INDIVIDUALLY AND
AS NEXT FRIEND OF BRADEY JAMES,**

**Appellant**

**v.**

**JUSTIN YOUNG, PAUL YOUNG, YOUNG
LIVESTOCK FARMS, LP, AND YOUNG
LIVESTOCK RANCH, LLC,**

**Appellees**

**From the 82nd District Court
Falls County, Texas
Trial Court No. CV39471**

## CONCURRING AND DISSENTING
## OPINION

This is the type suit for which Chapter 87 of the Texas Civil Practice and Remedies Code was enacted. This Chapter is entitled "Liability Arising from Farm Animal Activities or Livestock Shows." Under most circumstances, it will operate as a statutory defense to a negligence claim thus preventing the person who participates in such activities from recovering for injuries incurred while engaged in the activity. But it does

not provide immunity from suit or even an absolute defense to all potential liability for injuries incurred while engaged in such activities. There are exceptions to the application of the statutory defense.

I concur in the Court's judgment affirming the trial court's judgment granting the traditional motions for summary judgment which determined that the Youngs had no liability for Bradey's injuries unless Robert ultimately proves an exception to the statutory defense. The only exception raised and in issue is Section 87.004(2) of the Texas Civil Practice and Remedies Code. It excepts a person from the protection of the Act if "the person provided the farm animal…[and] did not make a reasonable and prudent effort to determine the ability of the participant to engage safely in the farm animal activity…and determine the ability of the participant to safely manage the farm animal…taking into account the participant's representations of ability…." TEX. CIV. PRAC. & REM. CODE ANN. § 87.004(2) (West 2017). I believe this exception has been adequately raised by Robert in response to Justin's no-evidence motion for summary judgment. Specifically, Robert, on behalf of Bradey, the participant, raised the fact issue of whether Justin failed to make the required inquiry.

There is not much factual discussion in the Court's opinion. I will also note that in their briefs, the parties fail to consistently make the appropriate distinctions about who is liable for failing to make the relevant inquiry. First, potential liability is on the person

who "provided" the horse; not necessarily the owner of the horse.[1] There seems to be no dispute that it was Justin who provided the horse to Bradey. However, there is a legal question of whether "consent" of a parent potentially makes the parent responsible as having provided the horse. In the alternative, consent of a parent could be evaluated as part of the inquiry to be made by the person who provided the horse. Regardless of which way the legal question is analyzed, there is a question about how parental consent would be instructed and liability determined in a comparative negligence jury charge.

Second, liability is placed only on the person (or persons) who failed to make the proper inquiry. The statute does not specifically define the scope of information available to the provider of the horse for the inquiry. Most assuredly, however, information or knowledge which was not communicated to the defendant, cannot be imputed to the defendant. In this case, the observations or knowledge of Shanda Young and Bradey's parents, cannot be imputed to Justin.

I now turn to the analysis of the statute and the no evidence motion for summary judgment filed by Justin. When the legislature creates a statutory exception to a defendant's statutory defense to liability using phrases like "a reasonable and prudent effort," "to engage safely," and "to safely manage," it has made a summary judgment very difficult to obtain. This is especially true when the burden on the plaintiff, in this

---

[1] It is also irrelevant who owned the property where the activity occurred as it is not a premises defect that is alleged. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 75.002 (b) (West 2017) (sometimes referred to as the Recreational Use Statute).

case Robert, only requires that he present "some" evidence that the defendant, in this case Justin, failed to make that inherently subjective type of inquiry. And that burden and our standard of review requires that the evidence be placed in the proper context: could reasonable and fair minded persons differ in their conclusion that Justin did not make the required inquiry before he provided a horse to a six-year-old boy to ride?

I have no doubt that the evidence presented by Robert in response to the no-evidence motion for summary judgment would allow Robert to argue, and thus possibly convince reasonable jurors, that Justin failed to make an adequate inquiry. Specifically, in Robert's brief, he argues that the evidence supports the following inferences:

1. Justin Young was the most familiar with the horse and its temperament.

2. Justin Young did not ask Bradey James' parents about his skill or experience as a rider.

3. Justin Young had only seen Bradey James led by a halter.

4. Bradey James' parents both relied on Justin Young's confirmation that "They are going to be fine."

5. Bradey James' parents further relied on Justin Young's knowledge and experience with his horses and their temperament when they gave consent.

6. Justin Young knew that age, size, and experience were important factors in a rider's ability to ride safely.

7. Justin Young specifically knew that it would be dangerous for six-year-old Bradey James to ride without someone leading him with a halter.

8. Justin Young nonetheless allowed Bradey James to ride without someone leading him by a halter.

9. Justin Young instructed the boys on where and how far to ride (350 yards to the diesel tank).

10. Justin Young physically separated the four horses when he allowed Bradey James and Daniel Prado to ride two horses to the diesel tank and he tied the other two to the pen, later admitting "I really shouldn't have separated those horses."

11. Justin Young knew that it would be the horses' natural tendency to run back to the other horses.

12. The boys' horses ultimately did run back to the others, causing Bradey James to fall.

While I may not agree with all the inferences Robert argues can be drawn from the evidence, based upon our standard of review, I would have to hold that there is "some evidence," in essence legally sufficient evidence, which would support a finding made by a jury that Justin did not make a "reasonable and prudent effort to determine the ability of the participant to engage safely in the farm animal activity…and determine the ability of the participant to safely manage the farm animal…taking into account the participant's representations of ability."

Based on the evidence provided by Robert, I would hold that Robert raised a fact issue on the sufficiency of Justin's effort to make the inquiry required by the statute to avoid liability. On the other hand, I find no evidence upon which to find that Paul Young had such a duty, much less that he breached it. Thus, I would hold that, as to Justin's liability, Robert raised a fact issue regarding the application of the exception. That is all that is required to avoid having the no-evidence motion for summary judgment granted

and then affirmed on appeal in the procedural posture of this proceeding. Accordingly, I would reverse and remand the trial court's judgment solely on the issue of whether Justin's protection under the statutory defense was lost by his failure to make an adequate inquiry as defined by the statutory exception.

For the foregoing reasons, I concur in part of the Court's judgment but would reverse and remand in part as to the potential for Justin Young's liability, as stated above, and to the extent the Court does not, I respectfully dissent.


        TOM GRAY
        Chief Justice

Concurring and dissenting opinion issued and filed April 4, 2018

